UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
180A ROCKAWAY AVE., LLC, and
DANIEL GAMIL

                  Plaintiff,                  **REPORT AND RECOMMENDATION**
                                                                          22 CV 1058 (LDH)(LB)

   -against-

CHRISTOPHER CAULKER,

                  Defendant.
---------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

      Plaintiff 180A Rockaway Ave., LLC brings this landlord-tenant action against defendant Christopher Caulker seeking recovery of unpaid rent and possession of the premises located at 180 Rockaway Avenue, Brooklyn, New York.[1] ECF No. 1, at 10. This action was originally filed in the Civil Court of the City of New York, Kings County Housing Part but defendant removed it to this Court on February 25, 2022. Notice of Removal, ECF No. 1. Plaintiff sought leave to move to remand this matter and to move to dismiss for failure to state a claim. ECF No. 5. The Honorable LaShann DeArcy Hall referred plaintiff's request to me for a Report and Recommendation in accordance with 28 U.S.C. § 636(b). For the reasons stated below, it is respectfully recommended that this matter should be remanded to the Civil Court of the City of New York, Kings County.

---

[1] Defendant's Notice of Removal lists both 180A Rockaway Ave., LLC and Daniel Gamil as plaintiffs in this matter. Notice of Removal, ECF No. 1. However, the petition filed in New York City Civil Court lists only 180A Rockaway Avenue, LLC as plaintiff. ECF No. 1, at 10.

## BACKGROUND AND PROCEDURAL HISTORY

Defendant Christopher Caulker rents an apartment at 180 Rockaway Avenue, Brooklyn, New York from plaintiff for $1,625 in monthly rent. ECF No. 1, at 10. When defendant failed to pay rent, plaintiff filed this action in the Civil Court of the City of New York, Kings County Housing Part. Id. On February 25, 2022, defendant removed this matter to this Court. Notice of Removal, ECF No. 1. Defendant's Notice of Removal asserts various counterclaims under federal and state law. Id. at 2. For instance, defendant claims that plaintiff provided defendant's personal information to others in violation of 15 U.S.C. § 6802 and the Fourth Amendment. Id. He seeks $80,000 in damages. Id.

Plaintiff requested remand for lack of subject matter jurisdiction or, in the alternative, requested permission to move to dismiss. Pl.'s Mot., ECF No. 5. Judge DeArcy Hall referred plaintiff's request to me. ECF No. 8. I construed plaintiff's request as its motions, ordered defendant to respond, and scheduled a telephone conference. Id. At the April 13, 2022 telephone conference, I addressed the issue of subject matter jurisdiction with the parties and explained that I would recommend remand of this action.[2] ECF No. 12.

## DISCUSSION

Under 28 U.S.C. § 1331, district courts have original jurisdiction, "of all civil actions arising under the Constitution…[and] laws…of the United States." 28 U.S.C. § 1331. This jurisdiction under Section 1331 is known as "federal question" jurisdiction. See Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 377 (2012) (quoting Grable & Sons Metal Prods., Inc. v. Darue

---

[2] On April 7, 2022, defendant filed a motion for an extension of time "to file [his] motion." ECF No. 9. The Court proceeded with the previously scheduled telephone conference on April 13, 2022 and subsequently denied defendant's request as moot. ECF No. 12.

2

Eng'g & Mfg., 545 U.S. 308, 317 (2005)) (discussing federal question jurisdiction under 28 U.S.C. § 1331). Federal courts also have original jurisdiction – known as diversity jurisdiction – over cases where the amount in controversy exceeds $75,000 and the matter is between citizens of different states. 28 U.S.C. § 1332(a). A case brought in state court which meets these requirements "may be removed by the defendant…to the district court of the United States for the district…embracing the place where such action is pending." 28 U.S.C. § 1441(a). The procedure for removal is set forth in 28 U.S.C. § 1446 which requires a removing defendant to file a notice of removal in the district court. Id. § 1446(a).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Id. § 1447(c). "[B]efore deciding any case [the Court must] assure [itself] that the case is properly within [its] subject matter jurisdiction." Wynn v. AC Rochester, 273 F.2d 153, 157 (2d Cir. 2001) (citing Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986)). A defect in subject matter jurisdiction defeats the Court's power to hear a case and subject matter jurisdiction "can never be forfeited or waived." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006) (quoting United States v. Cotton, 535 U.S. 625, 630 (2002)). Any challenge to subject matter jurisdiction must be resolved before the Court proceeds to consider an action's merits. See U.S. ex. rel. Kreindler & Kreindler v. United Tech. Corp., 985 F.2d 1148, 1155-56 (2d Cir. 1993) (quoting Rhulen Agency Inc. v. Ala. Ins. Guar. Assoc., 896 F.2d 674, 678 (2d Cir. 1990)). The party seeking to invoke federal court jurisdiction "bears the burden of proving that the case is properly in federal court." Yong Qin Luo v. Mikel, 625 F.3d 772, 775 (2d Cir. 2010) (quoting United Food & Com. Workers Union Local 919, AFL-CIO v. CenterMark Props. Meriden Square Inc., 30 F.3d 298, 301 (2d Cir. 1994)).

Whether a case presents a federal question, and thereby permits the exercise of the district court's original jurisdiction, is governed by the "well-pleaded complaint rule." Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830 (2002) (citing Phillips Petroleum Co. v. Texaco Inc., 415 U.S. 125, 127-28 (1974)). This rule requires that the federal question be "presented on the face of the *plaintiff's* properly pleaded complaint." Id. at 831 (emphasis in original) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)). "[A] counterclaim…cannot serve as the basis for 'arising under' jurisdiction." Id. (collecting cases); see also Vaden v. Discover Bank, 556 U.S. 49, 40 (2009) ("[F]ederal jurisdiction cannot be invoked on the basis of a defense or counterclaim.").

The instant matter should be remanded to state court for lack of subject matter jurisdiction. Plaintiff's petition only alleges defendant's failure to pay rent. ECF No. 1, at 10. There is no basis for diversity jurisdiction and a federal question does not appear on the face of the petition. Federal law is only implicated by defendant's counterclaims. However, as discussed above, a defendant's counterclaims cannot serve as the basis for federal jurisdiction. See Holmes Grp., Inc., 535 U.S. at 831.

## CONCLUSION

Accordingly, it is respectfully recommended that this case should be remanded to the Civil Court of the City of New York for lack of subject matter jurisdiction.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See

also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

                                                    /S/
                                        LOIS BLOOM
                                        United States Magistrate Judge

Dated: April 14, 2022
       Brooklyn, New York